LYDIA WORMUTH, RESPONDENT, *v.* A. FAYETTE TRACY AND ELLEN S. TRACY, AS EXECUTORS, ETC., OF FANNY HEARSEY, DECEASED, APPELLANTS.

*Parol evidence — admissibility of, to explain ambiguity in an assignment of mortgages.*

The plaintiff herein assigned to one Storke two bonds and mortgages, by an instrument purporting to assign them wholly, but containing the following words "upon which there is to be credited, reducing the two mortgages to the sum of $5,500 at this date."

In an action by the plaintiff against an assignee of the said mortgages, to redeem the same on payment of the amount due, *held*, that it was competent to prove, by parol, that the mortgages were not assigned absolutely, but upon a loan of $5,000 to plaintiff upon the agreement that if this sum were not repaid in three months, the interest of the assignee therein should be $5,500.

*Held* further, that the words of limitation were to be construed as a reservation to the assignor of the amount over $5,500, and not as a statement of the amount due from the mortgagors.

APPEAL from a judgment in favor of the plaintiff, entered in Onondaga County upon the report of a referee.

The referee executed to one Storke an instrument by which he granted, bargained, sold, assigned, transferred and set over, and by those presents did grant, bargain, sell, assign, transfer and set over unto the said party of the second part, two certain indentures of mortgage, bearing date the 6th day of November, 1869, one made by Andrew Dardis and wife, of $5,000, and the other by William Flanagan for $1,800 ; the assignment containing the following clause: "upon which there is to be credited, reducing the

two mortgages to the sum of $5,500 to this date." Together with the bonds or obligations therein described, and the money due and to grow due thereon, with the interest. To have and to hold the same unto the said party of the second part forever, subject only to the proviso in the said indenture of mortgage mentioned. It was claimed in the complaint that the whole amount secured by the Flanagan bond and mortgage and a portion of the sum secured by the Dardis mortgage had been paid before this action was brought.

The plaintiff, by her complaint, demanded, among other things, that the defendants, the executors of Hearsey, be required, on their receiving the sum of $1,858.69, with interest from the 17th of May, 1875, on a certain bond and mortgage of $5,000, made by Andrew Dardis to the plaintiff on 1st November, 1859, to reassign said bond and mortgage to the plaintiff, or to pay her the remainder of the sum payable by the terms thereof, being the sum of $2,064.52, with interest from 17th May, 1875. The answer of the executors alleged that their testatrix purchased said bond and mortgage, and paid full value therefore in good faith. It appeared in evidence that the testatrix claimed title to the bond and mortgage by assignment from the National Bank of Cazenovia, the bank from William L. Storke, and Storke from the plaintiff. The question in dispute depended upon the construction of the words of limitation in the assignment, that is, whether the limitation was intended for the benefit of the mortgagors by reason of their having paid the mortgages down to $5,500, or whether it was intended as a reservation to the assignor of the money, payable by the terms of the mortgages over and above the sum of $5,500. The referee reported that the plaintiff was entitled to relief substantially as above stated, with costs.

*D. W. Cameron*, for the appellants. The referee erred in receiving evidence of a pretended parol agreement between Storke and Mrs. Wormuth, in relation to the assignment, made prior to or cotemporaneously with the drawing and execution of the assignment. (*Parker* v. *City of Syracuse*, 31 N. Y., 376; *Colwell* v. *Lawrence*, 38 id., 71; *Cocks* v. *Baker*, 49 id., 107; *Dent* v. *N. A. Steamship Co.*, 49 id.; 390; *Mott* v. *Richtmyer*, 57 id., 49;

*Bush* v. *Tilley* [General Term], 49 Barb., 599; *Buckley* v. *Bentley*, 48 id., 283.) The plaintiff has been guilty of laches, which would defeat any claim against the executors. (*Finch* v. *Parker*, 49 N. Y., 1; *Platt* v. *Platt*, 58 id., 646; *Ormsby* v. *V. Copper M. Co.*, 56 id., 623; *Medbury* v. *Swan*, 46 id., 200.)

*Lansing & Lyman*, for the respondent. The assignment upon its face is notice to any and all subsequent assignees of the extent of Storke's interest in the two mortgages, and the remaining interest of the plaintiff in them. (4 Kent's Com. [8th ed.], 190; Thomas on Mortgages, 149; *Craig* v. *Tappan*, 2 Sandf. Ch., 78; *Acer* v. *Wescott*, 46 N. Y., 384, and cases there cited.) The evidence as to the consideration of the assignment to Storke was competent. Parol proof of the consideration of a written instrument, when material, is always competent. (*Barrett* v. *Carter*, 3 Lans., 68; *Despard* v. *Walbridge*, 15 N. Y., 374; *Hodges* v. *The Tenn. Marine & Fire Ins. Co.*, 8 id., 416; *Adams* v. *Hull*, 2 Denio, 306; *Seaman* v. *Hasbrouck*, 35 Barb., 151; *Frink* v. *Green*, 5 id., 455, and cases there cited.)

SMITH, J.:

The written instrument, by which the Dardis bond and mortgage of $5,000 were assigned by the plaintiff to Storke, transferred also a bond and mortgage of $1,800, made by one Flanagan. The assignment described the bonds and mortgages as of those amounts, respectively, and contained words which purported to assign the whole, but those words were followed by others, which limited the assigned interest in the two mortgages to the sum of 5,500, as of the date of the assignment. The words of limitation were as follows: "Upon which there is to be credited, reducing the two mortgages to the sum of $5,500 to this date." In addition to this, the consideration expressed in the assignment was the sum of $5,000. Thus, the assignment showed very clearly, on its face, that the interest intended to be assigned in the two mortgages, and to which alone the assignee was equitably entitled, notwithstanding the formal transfer of the whole, was only the sum of $5,500. As Storke could not transfer any more than he owned, neither the bank nor Mrs. Hearsey acquired any greater interest than was

assigned to Storke.   So far, the case is plain.   But, in one respect, the language of the assignment is doubtful.   It is uncertain whether the limitation was intended for the benefit of the mortgagors, by reason of their having paid the mortgages down to the sum of $5,500, or whether it was intended as a reservation to the assignor of the money payable by the terms of the mortgages, over and above the sum of $5,500.   The parol testimony, which was received by the learned referee against the objection and exception of the defendants, was properly resorted to, in order to clear up the obscurity of the writing.   That testimony, taken in connection with the assignment, fully warranted the conclusion of the referee that the bonds and mortgages were assigned by the plaintiff to Storke, as security for a loan of $5,000, with the understanding that if the money loaned was not repaid in three months the assignment should become absolute for $5,500, thus securing to Storke a bonus of $500 for the loan, and that the plaintiff should have the residue of the two bonds and mortgages out of the avails of the Dardis bond and mortgage.   The parol testimony was not received to contradict or vary the written instrument, but to explain it. We think there was no error in the reception of the testimony; and the referee having found, upon sufficient evidence, that Mrs. Hearsey, her assignees or executors, had or claimed the full benefit of the two bonds and mortgages, and that her executors refused the several propositions of the plaintiff set out in the findings, based upon his equities, as above stated, we are of the opinion the judgment should be affirmed, unless there is force in the position taken by the appellant's counsel that the plaintiff is chargeable with laches, which should defeat her claim against the executors. The question of laches will be briefly considered.   The assignment to Storke was made May 17, 1870.   Mrs. Hearsey took her assignment, April 11, 1871, and she died June 9, 1873.   The referee has found that the plaintiff applied to Storke, about September 1, 1870, to redeem the mortgages, but that he made no application to Mrs. Hearsey, in her life time, nor did he apply to her executors till August 12, 1875.   In consequence of the delay, on the part of the plaintiff in calling upon the executors, the referee relieved them from the payment of compound interest on the principal sum, and charged them simple interest only.   In

view of that ruling, it is not apparent that her estate has suffered by the plaintiff's delay. The acquiring of new rights by other parties, and the loss of evidence by reason of the death of Mrs. Hearsey, are suggested by the appellant's counsel as injurious consequences of the plaintiff's delay. There is evidence that Mrs. Hearsey assigned the mortgages, but it is not necessary to advert to it, as it does not appear that her estate is in any worse position, in respect to the plaintiff's claim, than it would have been in if the assignments had not been made. As to the alleged loss of evidence, it does not appear, and there is no reason to suppose that Mrs. Hearsey, if living, could testify to anything material to the issue. If the views we have expressed are correct, the extent of her rights and obligations in respect to the bonds and mortgages was fixed by the terms of the written assignment to Storke, under which she made title. It does not appear that she had knowledge of the matters to which the parol testimony related, and the plaintiff's case does not rest upon any transaction had with her personally.

The judgment should be affirmed, with costs.

MULLIN, P. J. and TALCOTT, J., concurred.

Judgment affirmed, with costs.